# Randolph, Appellant, *v.* Doss and Wife.

The constitution and laws of this state confer upon the probate court general powers in cases of dower. These powers are not restricted by the relation of the parties to the suit. It is immaterial whether the contests for dower be between the widow and heir, or the widow and a stranger. The jurisdiction of the court is founded on the claim of the widow, and she will be decreed dower against all the world, if found entitled thereto.

Where a party contests the claim on the merits in the court below, he will not be permitted to insist on proof of the marriage in the appellate court.

The administrator will not be permitted to give parol evidence of the sale of the land of the estate by himself. The deed must be produced, or its absence accounted for.

Where an order for publication was made by the probate court, on the filing of a petition for dower, it will be presumed, in the absence of any evidence to the contrary, that the publication was made.

Proof of the seisin of the husband during coverture, is sufficient to entitle the widow to dower, as against all the world, except those who may have the title paramount, for it is a well settled rule, that the seisin of the husband, even for a moment, will entitle the wife to dower against strangers, and those claiming under him, although his seisin be tortious.

Those who claim under the husband cannot set up an outstanding title.

After a deed has been read and admitted on the trial below, its authenticity cannot be called in question in the appellate court. The objection will be considered as waived.

APPEAL from the probate court of Warren county.

The appellees filed their petition in the probate court of Warren county, on the 26th day of March, 1838, praying an assignment of dower, in certain land and tenements particularly described therein. They state that Sylvia C., one of the petitioners, was the widow of a certain Hartwell Vick, deceased, who was seised and possessed of the lands described during his coverture with the said Sylvia C., and that since his decease, she has intermarried with William C. Doss, the appellee. At the time of filing the petition, an order of publication of notice was made, and the cause continued until June following, when the present appellant was made a

VOL. III.—18

defendant, for the purpose of contesting the right of dower to the two lots numbered 91 and 92, in Vicksburg. The right of the demandants to dower in the other lands, does not appear to have been contested.

The bill of exceptions, which was taken by Randolph, upon the trial in the court below, showed the evidence offered by the parties to prove the seisin of Hartwell Vick, of the lots in question, during the coverture. The demandants produced the will of Newit Vick, in which there was a devise of the lots to his heirs, and also a covenant marked A, by which the heirs of the said Newit Vick, for certain considerations therein mentioned, bargained and sold all their interest in the same to Hartwell Vick. This contract was made in 1824. They also proved by Henry Morse, one of the devisees in the will of Newit Vick, and by a certain William Everett, that Hartwell Vick was in possession of the lots, for several years prior to his death. The appellant objected to the introduction of Morse as a witness.

The appellant offered to prove by John Lane, who was administrator, with the will annexed, of Newit Vick, that he, as such, had sold the lots before the date of the covenant before referred to; but the court upon objection refused the proof. There were also read some deeds, by which it appeared, that in 1829, John Lane had sold the lots, and that they finally passed to the appellant.

Upon this proof, the court decreed dower on all the lands in the petition.

Harrison, for appellant.

The record presents many errors; a few of the principal ones only, will be noticed.

1. It does not appear from the record, that there had been any publication giving notice of the intended application for dower. Such publication is indispensable, because it is required by the statute, and is, in fact, the only kind of process which it seems to recognise upon such an application. And it is useless for me to refer the court to authorities, showing that every judgment, rendered without appearance of all concerned, is void, unless there be service of process either actual or constructive.

2. There is no proof before the court, showing that Sylvia C.

[Randolph, Appellant, *v.* Doss and Wife.]

was the widow of Hartwell Vick, deceased. For the bill of exceptions sets forth all the evidence in the case, and the fact, that she was the widow of Hartwell Vick, nowhere appears in proof. It is not enough that the petition should charge the fact as true, for being a material fact, and necessary to be alleged, there is equal necessity for its being proved.

3. There was no proof showing that Hartwell Vick was ever seised in fee of the premises during coverture, or at any other time. This court cannot infer, that such proof was made, especially when the bill of exceptions professes to give the whole of the evidence, and does not set forth any such proof.

Here then, are three fatal defects.

1. That there was no previous notice, such as is required by law.

2. That she was not the widow of Hartwell Vick.

3. That he was not seised during coverture.

The petitioners produced no evidence of title, except the covenant between Hartwell Vick, and the heirs of Newit Vick. But this covenant was not, of itself, evidence of title, because there was no proof of its execution, and should have been excluded by the court.

A writing introduced collaterally, must appear to be a genuine document. This can be done only by the open acknowledgment of the obligors, or grantors, in open court, or by the testimony of witnesses proving the signature, or by the official certificate of the proper officer, whose duty it is, by law, to take the acknowledgments of the parties, and to certify the same for record. This document was not established in either one of these ways. In fact, no proof was introduced of its authenticity. Clearly therefore, the petitioners cannot successfully claim dower under it, especially as against strangers.

But, admitting this to be a genuine document, it still does not convey title to Hartwell Vick. The conveyance is in the alternative; it gives to him the lots, or the proceeds when sold. The election to take either, is not with him, but with the grantors, because they are discharged from all further liability on that account, if they do either. They satisfy their covenant, if they convey the premises to him, and so they equally do, if they pay to him the proceeds of sale. It is manifest, therefore, that the

election to do the one or the other, is with them, and not with him. Can it then be contended with any propriety, that the widow has dower in premises, to which the husband had no title beyond a mere possibility?

But suppose that title did pass to Hartwell Vick, by that covenant, it surely was not a perfect title to the entire lot, because the record shows the fact to be, that all the heirs of Newit Vick did not sign it. He has a son and daughter both living, whose names are not to it; of course the right of these two children was not affected by that covenant; they still held, as they did before, an undivided joint interest in said lots. Yet, the court decreed dower to Sylvia C. Doss, in the entire lot, as though Hartwell Vick had been full owner of the entire fee therein; or, in other words, the court decreed to the widow of Hartwell Vick, dower, not only in his own estate, but in the estate of his brothers and sisters also.

But again, the covenant marked A, recognised the right of some person to sell said lots, and in the event of sale, the proceeds were to be paid to Hartwell Vick. This no doubt had reference to that provision in the will of Newit Vick, which authorised his executors to sell the town lots. The executors might have sold these very lots. For there is no proof to the contrary, and if sold, then the proceeds of sale only were coming to Hartwell Vick. It was therefore proper to ask John Lane, whether the said lots had been sold, and if so, by whom, and to whom. We have as much right to establish the fact of sale by parol, as we have to establish by parol, the identity of the land called for, with the land embraced in the survey. The court therefore erred, in rejecting that interrogatory.

Taylor and Tarpley, for the appellees.

1. The probate court has original jurisdiction of all cases relating to dower, expressly granted by the statute, and recognised by various decisions of this court, particularly the case of Bergen *v.* Doss and Wife, decided at the last term of this court. This proposition is too plain for argument.

The second assignment is rather too abstruse and metaphysical to be easily comprehended. If the court has jurisdiction in cases of dower, then it follows that it has the right to adjudicate upon

[Randolph, Appellant, *v.* Doss and Wife.]

the right of dower, and is embraced in the answer to the first proposition of the plaintiff. Nor can its right to adjudicate, given by statute, be in anywise affected by the proof. If the proof be insufficient, the decision of the court is an adjudication upon the proof, and the proposition involves this difficulty. In all cases where this proof is defective, the court cannot decide, inasmuch as it cannot adjudicate upon the right where the proof is insufficient. If the proposition means any thing, it must mean what is more plainly stated in the third assignment of errors, to wit: That the court erred in deciding that the plaintiffs below should be endowed of lot No. 10, or any part of it. This assignment necessarily brings to view the whole of the facts of this case, in order to enable the court to determine whether the plaintiffs below sustained their claim to dower by sufficient proof. In order to entitle a party to recover in an action for dower, certain facts must be proved or admitted, marriage, seisin of the husband, and death of the husband; and these facts are to be proved like all others; first, by competent proof; and secondly, sufficient proof to satisfy the court of the facts alleged. The petitioners file their bill in which they state in substance, that Sylvia C., one of the complainants, intermarried with Hartwell Vick, who died seised of the land in controversy. Here two important links in the title are exhibited, both susceptible of being proved by reputation, and both impliedly admitted by the party in the court below. The death of Hartwell Vick was not proved, and yet it was conceded because it was never denied that he was dead. To have thrown the petitioner upon proof of the marriage, could have been done only by plea, or by proof negativing it, when the defendant was in court, and to have been present and contesting the right of dower in the court below, without making this objection where the fact could so easily have been proved, is an admission of which he shall not be permitted to take advantage in this court. If we confine ourselves to the bill of exceptions, this fact does not appear to have constituted any ground of objection, but seems to have been admitted upon all sides as having been proved and clearly shown that the objection is an " afterthought" arising from an inspection of the records with an eye to its defects. But we rest this point upon

18*

[Randolph, Appellant, *v.* Doss and Wife.]

the well established rule of practice, that where a material fact is either directly or indirectly admitted in the court below, or passes without objection in the trial of a case in the court below, it will not be made the ground of a reversal in this court, as it would take the other party by surprise. And hence we contend that the marriage of the petitioner Sylvia, and the death of her husband Hartwell, were sufficiently proved or admitted in the court below. In any event, this court will look with great indulgence upon the proceedings of inferior tribunals, where the process is of a summary character, and intended by the legislature to enable parties to transact their own business, without the assistance of counsel. The next fact to establish, is the seisin of Hartwell Vick during the coverture. This fact was sufficiently proved, both by Morse and Everett; upon what ground the plaintiff objected to the competency of Morse as a witness, is not shown either in the bill of exceptions or the argument of counsel. So far as appears from the record, there was nothing that rendered him incompetent; so far as he was affected by his marriage with one of the heirs of Newit Vick, his testimony was adverse to his interest if he had any, but we are not able to discover any interest whatever, that Morse had in the event of the suit; so far, then, we consider him a competent witness to prove the possession of Hartwell Vick. In addition to this, Everett proved that " Vick was in possession for several years prior to his death." To have proved the peaceable and undisturbed possession, creates the presumption that the possession was continued unless the contrary be shown; but the testimony of Everett forever puts this matter at rest. If his language means any thing, it is that Vick was in possession several years next preceding his death, and up to the time of his death; so that if Morse's testimony should even be excluded upon the ground of incompetency here is direct and positive proof of seisin by a witness not objected to; and this, as we conceive, answers the fourth assignment of errors. Were the parties properly before the court? The plaintiff in his fifth assignment of errors, contends that there was no sufficient publication of the intended application for dower. What is the object of the statute requiring publication to be made? In order that the parties in interest should have an

[Randolph, Appellant, *v.* Doss and Wife.]

opportunity of appearing and defending.   But suppose the party has notice, and does actually appear and contest the right of the petitioner, does he not have all the benefits that he could have derived from a publication?   The law also requires that process shall be served upon a defendant before he shall be required to plead at common law, but if he voluntarily enters an appearance and pleads to the action, this court will not reverse because the process was not executed.          *v.* Gully and Blakey, decided at the last term of this court.   In this case, the plaintiff actually appeared, and contested the petitioner's right in every form that the ingenuity of his counsel could devise; and his complaint of a want of publication comes with rather a bad grace from such lips.

To the sixth assignment of errors, the defendants reply that the title to the property derived by Hartwell Vick, under the conveyance from Henry Morse and others, coupled with the possession, constituted a good and valid title to the property specified in the conveyance, as against all other persons, than the two children of Newit Vick who did not subscribe to the instrument, and as the plaintiff in error does not claim by, through or under them, he has no right to set up this objection.   If the law carefully guards the interest of the widow, by endowing her even of trust estates, and is liberal in all cases in granting its protection to these objects of misfortune and sorrow, who by their industry have helped to build up the estates of their husbands, and have *too often* lived to see it swept from them by the rapacity of creditors and heirs, and have been thrown friendless upon the charity of the world, this court will not aid in producing these unfortunate results, at the request of a stranger, in opposition to a legal conveyance, accompanied by interrupted possession for many years.   If the court below did sustain the claim to dower, in opposition to the interests of two of the heirs of Newit Vick, deceased, we contend that those heirs received a valid consideration in the release made by Hartwell Vick, as the consideration of the grant to him which a court of chancery would enforce; that their acquiescence creates the presumption of their concurrence, and at all events, that they alone or some one claiming through them, can set up this defence to the deed.   The convey-

ance made to Hartwell Vick, is certain and direct. It reserves to the grantors no power of sale, and as there appeared to have been some uncertainty as to whether the lots had been sold or not, they grant to him the money that might be at that time due by the purchasers, or which might afterwards become due, not from a sale to be subsequently made, for they had parted with the power of making such sale, not from a sale to be made by the administrator with the will annexed, for this court has determined, in "the Vicksburg Common Cases," that he had no such power; then the simple meaning was, that he should have the money which might subsequently be due for any sale which had already been made. To give the instrument a different construction, would involve this legal absurdity, that a party sells his land for a valuable consideration, accompanied by a conveyance in fee, and yet retains the power to sell it again to some other person. In the construction of the instrument, we must arrive as nearly as possible at the intention of the parties, and it seems clear that there was, at the time of said contract, some doubt in reference to the sale of this property, and in order to indemnify the grantee in the event such sale had been made, he was authorised to receive the proceeds as the notes might fall due, but the land not having been sold, the absolute title was at once vested in the grantee. Such was the opinion of this court in the case of Bergen *v.* Doss and Wife, decided at the last term; and by that decision, the question as to the extent of the estate which passed by the covenant (A) has been recognised as sufficient to authorise the court to assign dower to the widow of Doss in this property. There was no evidence before the court to show that the property had been sold; and the court decided correctly in refusing to permit John Lane to answer the questions propounded by plaintiff. That he, as executor, had no right to sell, has been solemnly determined by this court; but if the right had existed anywhere except in Hartwell Vick, it could only have been shown by the deed, as the highest and best evidence, to wit, the production of the deed itself; a sale made in any other way would have been contrary to the statute of frauds, and utterly void.

To the 7th assignment of error, the defendants reply that it is

[Randolph, Appellant, *v.* Doss and Wife.]

true the deed was not proved by a subscribing witness, or by record evidence, but the same was read without objection; and if the plaintiff thus permitted it to be read upon the trial without objection, it amounts to an admission that it was a genuine instrument, and he is now estopped from interposing the objection as a ground of reversal. This rule of practice is admitted every where.

As to the 8th assignment, it is clear that Morse had no interest in the event of the suit, that if he had any contingent interest, his testimony was adverse to that interest and he was not called upon to invalidate the deed, and it is not perceived upon what ground he is sought to be excluded. But admitting that he was an incompetent witness, still the court will not reverse in consequence of his having been improperly admitted, because the same facts were proved by a witness who was sworn and interrogated without objection, and who is admitted by all to have been competent.

There is then no ground for a reversal of the opinion of the court below, inasmuch as the record shows all the facts necessary to support the claim of the petitioners, were either proved or admitted; and if the interest of Hartwell Vick was one of which his wife could be endowed, and the court had jurisdiction, then the decree was proper and should be affirmed.

Mr. Justice TROTTER delivered the opinion of the court.

There are some preliminary objections urged in this case which we will notice before proceeding to consider the principal errors assigned. The first of these is the want of jurisdiction in the court below to adjudicate this cause. To this it may be answered, that the constitution as well as the laws of this state, confer, by express enactment, general powers in cases of dower upon the probate courts of this state. These powers are not restricted by the relation of the parties to the suit, and it is totally immaterial whether the contest for dower be between the widow and heir, or the widow and strangers. The jurisdiction of the court is founded on the claim of the widow, and it is immaterial whether her right be contested by a stranger, or the heir; she will be decreed dower against all the world if found entitled. It is

also objected, that there was no proof that Sylvia C. Doss was the widow of Hartwell Vick. The whole of the proceedings, however, are based upon that fact. It was one of the first steps in the proof of the demandant's title, and the controversy proceeded on the assumed proof of the fact. Randolph appeared and contested her right as widow on the merits, and it is not to be endured that he shall, on appeal, turn her round upon such objection taken here for the first time. It was a fact, no doubt notorious in the county where this trial was had, and if the formal proof had been then demanded, it could very readily have been made. He shall not be permitted to surprise them now with it, when there is no opportunity to make the proof. It is also assigned for error, that the court permitted Henry Morse to testify. His interest, if he had any, was against the claim of demandants. But be this as it may, the same facts proved by him are also established by the evidence of Wm. Everett, who was unassailable. The exception which was taken to the refusal of the court to hear the answer of Lane to the question, whether he had sold the lots claimed by Randolph, is not sustainable. The deed ought to have been produced or accounted for; but the deeds made by him as they appear upon the record were executed in 1829, about five years after the transfer to Hartwell Vick. It is objected also, that there was no notice of the application for dower as required by law; but the record shows that an order of publication was made at the filing of the petition, and the cause continued down on the roll until June following. We feel bound by established rules, to infer that the notice was published in pursuance of the order, and that the proceedings of the court below were regular in the absence of any evidence to the contrary upon the record. But this objection cannot be heard from the appellant who appeared and defended the claim of the demandants upon the merits.

The only remaining question and the principal one in this cause, as it is presented by the other assignment of errors, is, whether the proof establishes the appellee's right of dower in the two lots numbered 91 and 92? The proof is full and complete as to the possession of Hartwell Vick, during his coverture with Sylvia C. Doss, for several years before his death. This is sufficient to

[Randolph, Appellant, *v.* Doss and Wife.]

entitle the widow to dower as against all the world except those who may have the paramount title.   For it is a well-settled rule, that the seisin of the husband even for a moment will entitle the wife to dower against strangers and those claiming under him, even though his seisin be tortious.   A tenant at will made a feoffment of the land and died; and the feoffee was estopped from denying the right of the wife of the feoffor to dower.   And this principle is recognised in all the cases on this subject, both in England and this country.   But his title is complete under the covenant which transferred the title of the other heirs of Newit Vick to him.   It is true that Newit and Emily Vick, two of the heirs, did not unite in this conveyance.   But it does not lie with the appellant to urge the outstanding title of these heirs.   They cannot be prejudiced by any decree in this cause, and it will be time enough to consider the extent and character of their claim when it is made.   It is not competent for a mere stranger to interpose it, and to do that for them which they may never think it proper to do for themselves.   The objection taken to the introduction of the deed to Hartwell Vick as evidence in the court below, on the ground that no proof was offered of its introduction, comes too late.   It was read without objection, and we will not suffer the question to be sprung upon the appellees in this court, when there is no opportunity to meet it.   If, when the deed was offered below, formal proof of its authenticity had been demanded, it must have been produced, and if not, the court would have been bound to reject it.   It was competent, however, for the appellant to waive it, and by not objecting there he will be held here to have done so.

The question in regard to the rights of the appellees under the covenant A, were fully decided upon in this court at the last January term thereof in the case of Peter J. Bergen *v.* Doss and Wife.   In that case the appellees were held to be entitled to dower in other lands conveyed by the same deed; and we are satisfied of the correctness of the determination.

Let the decree of the court below be affirmed with costs to the appellees.